# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA CIRANNI IONDRIDA,<br><br>       Plaintiff,<br><br>v.<br><br>PETER BABICK,<br><br>ABC COMPANY 1-10 (fictious names used to describe unknown defendants), and<br><br>JOHN DOES 1-10 (fictious names used to describe unknown defendants)<br><br>       Defendants. | Civ. No. 20-15585 (KM)(ESK)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

    This matter comes before the Court on defendant Peter Babick's objection to the Report and Recommendation of the Hon. Edward S. Kiel, Magistrate Judge, that the Court grant the motion of the plaintiff, Maria Ciranni Ionfrida, to remand this action to state court and stay a related civil action filed by the defendant in federal court. For the reasons provided herein, I will grant Babick's objection and deny the motion to remand.

    **I.**    **Summary**[1]

    On July 28, 2020, Ionfrida filed this, the Personal Injury Action, against defendant Babick (and fictitious or unknown individuals and entities) in the

---

[1]     Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

    "DE" = Docket entry number in this case.

1

Superior Court of New Jersey, Morris County, Law Division, No. MRS-L-1530-20. The Complaint alleged that on August 3, 2018, Ionfrida was a guest aboard Babick's private passenger boat when she sustained injuries to her hand. (Compl. ¶1.) While in shallow waters near Barnegat Inlet, Babick's boat was somehow struck and "ran aground." (*Id.*) Shortly thereafter, the "'Windlass' anchor button was activated" while Ionfrida's "hand was on or near the anchor chain," causing her hand to be entangled and injured.[2] (*Id.*) The Complaint asserted that Babick was, *inter alia*, negligent in operating his vessel, in failing to pay attention to sea conditions, and in failing to safely operate, or in having another passenger operate, the anchor without proper instruction. (Compl. ¶5.) Ionfrida sought to recover damages for her injuries and demanded a jury trial.

On November 5, 2020, Babick removed the Personal Injury Action to federal court, asserting this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and Article III, Section 2 of the United States Constitution. (Removal ¶5.) Babick later filed an Answer (DE 2) to the Complaint admitting to owning, controlling, maintaining, inspecting, repairing, and operating the vessel in question but denying all other allegations. On December 7, 2020, Ionfrida filed a motion (DE 4) to remand the matter to state court, contending

---

"Removal" = Defendant's Notice of Removal (DE 1)

"Compl." = Plaintiff's Complaint (DE 1-1)

"R&R" = Report and Recommendation of the Hon. Edward S. Kiel, Magistrate Judge (DE 8)

"Obj." = Defendant's Objection to the Report and Recommendation (DE 9)

"Limitation Petition" = Defendant's Action for Limitation of Liability, *In the Matter of the Complaint of Peter Babick, as Owner of a 2008, 30-Foot Recreational Boat for Exoneration from or Limitation of Liability*, Civ. No. 21-1934-KM-ESK.

"Personal Injury Action" = This case, both before and after removal from state court.

[2] A windlass is a device, apparently powered in this case, which is used to raise or lower the anchor. https://www.oxfordreference.com/view/10.1093/oi/authority.20110803124130560?rskey=ljYWrA&result=1. According to tradition, it was invented in its original form by Archimedes.

that removal was contrary to the saving-to-suitors clause of 28 U.S.C. § 1333(1).

Thereafter, on February 5, 2021, Babick filed in federal court a separate Complaint for Exoneration from or Limitation of Liability ("Limitation Petition") pursuant to the Limitation of Liability Act ("Liability Act"), 46 U.S.C. §§ 30501 *et seq.*; Rule 9(h) of the Federal Rules of Civil Procedure; and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Action of the Federal Rules of Civil Procedure. (LP Action, DE 1 ¶2.)

On March 16, 2021, Judge Kiel filed a Report and Recommendation ("R&R") that (1) Ionfrida's Personal Injury Action be remanded to state court and (2) Babick's Limitation Petition be stayed pending disposition of the Personal Injury Action in state court. (R&R at 1.) Babick objects to the R&R, contending that (1) the single-claimant exception does not apply to this case; (2) remand would violate his statutory rights; and (3) the Recommendation is premature. Ionfrida did not file a response to Babick's objection.

## II. Discussion

### a. Legal Standard

When a magistrate judge addresses motions that are considered "dispositive," such as motions to remand an action to state court, a magistrate judge submits a report and recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ .R. 72.1c(2); *see also In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). When a party objects to a report and recommendation, "the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13–4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013); 28 U.S.C. § 636(b)(1)(C). And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The

3

district court "may also receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

### b. Applicable Law

Because this matter involves a claim for injury that occurred while aboard a vessel on navigable waters within the United States, Babick submits that the matter is within this Court's exclusive admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and Article III, Section 2 of the Constitution. On her motion to remand, Ionfrida submitted that the saving-to-suitors exception to exclusive federal jurisdiction applies to her case. Babick responded by filing his separate Limitation Petition, which he contends reserves exclusive federal court jurisdiction over all claims. Concededly, a satisfactorily consistent solution is hard to find; there is an obvious tension between the Liability Act's grant of a federal forum to vessel owners, and the saving-to-suitors clause's guarantee of a state forum for injury claimants. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001).

Article II, Section 2 of the Constitution "vests federal courts with jurisdiction over all cases of admiralty and maritime jurisdiction." *Id.* at 443. However, the saving-to-suitors clause under 28 U.S.C. § 1333(1) "sav[es] to suitors in all other cases all other remedies to which they are otherwise entitled." The Supreme Court interprets that statutory language as "preserv[ing] remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims." *Lewis*, 531 U.S. at 445-46 (citing *Madruga v. Superior Court of Cal., Cnty of San Diego*, 346 U.S. 556, 560-61 (1954); *America Steamboat Co. v. Chase*, 83 U.S. [16 Wall.] 522, 533-34 (1972).

The Limitation of Liability Act, on the other hand, "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel."[3] *Id.*

---

[3] The general provision limiting liability states:

> Except as provided in section 30506 of this title, the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight. If the vessel

4

at 446; *Gorman v. Cerasia*, 2 F.3d 519, 522 (3d Cir. 1993) ("The Act provides that the liability of a shipowner for any damage arising from a maritime accident which occurs 'without the privity or knowledge of such owner' shall not exceed the value of the vessel and its freight.").

Such a limitation action will be heard by a federal court pursuant to its admiralty jurisdiction. The procedure for a limitation action is laid out in Rule F of the Supplemental Rules for Admiralty and Maritime Claims:

> Rule F sets forth the process for filing a complaint seeking exoneration from, or limitation of, liability. The district court secures the value of the vessel or owner's interest, marshals claims, and enjoins the prosecution of other actions with respect to the claims. In these proceedings, the court, sitting without a jury, adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability. The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants.

*Lewis*, 531 U.S. at 448. Thus,

> [i]f a shipowner facing potential liability for a maritime accident files a complaint seeking protection under the Act, the district court is authorized to stay all proceedings against the owner, and to direct all potential claimants to file their claims against the shipowner in the district court within a specified period of time.

*Gorman*, 2 F.3d at 523 (internal citations omitted); *see also Complaint of Consolidation Coal Co.*, 123 F.3d 126, 132 (3d Cir. 1997) ("A shipowner facing potential liability can file a complaint for limitation of liability in a federal district court which then is authorized to stay all other proceedings against the shipowner and receive all claims."). Like a bankruptcy petition, then, a petition pursuant to the Limitation of Liability Act consolidates all claims against a limited fund in one federal-court proceeding.

---

has more than one owner, the proportionate share of the liability of any one owner shall not exceed that owner's proportionate interest in the vessel and pending freight.

46 U.S.C.A. § 30505(a).

There are two potentially applicable exceptions to the exclusive admiralty jurisdiction over limitation proceedings: (1) "where there is only a single claimant," or (2) "where the total claims do not exceed the value of the limitation fund." *Lewis*, 531 U.S. at 451 (citing *Langnes v. Green*, 282 U.S. 531 (1931); *Lake Tankers Corp. v. Henn*, 354 U.S. 147 (1957)); *Gorman*, 2 F.3d at 524.

### c. Single-Claimant Exception

Judge Kiel concluded that the first, single-claimant exception to exclusive admiralty jurisdiction applies. He therefore recommended that Ionfrida's Personal Injury Action be remanded to state court and that Babick's Limitation Petition be stayed pending resolution of the state-court case. (R&R at 5.) Judge Kiel reasoned that "since Ionfrida is the sole plaintiff, irrespective of whether her claim exceeds the value of Babick's vessel, the single-claimant exception applies." (*Id.* at 6.) Judge Kiel acknowledged that "there are fictitious individuals and entities referenced in Ionfrida's complaint," but disregarded them for these purposes, because "there are no cross-claims asserted by or against Babick, and the [Limitation Petition] identifies no potential additional claimants." (*Id.* (internal record citations omitted).)

Judge Kiel reasoned that the recommended remand and stay would preserve the rights of both parties. (*Id.* at 5-6.) First, "[t]here is no dispute that Ionfrida's right to a jury trial is preserved under the [saving-to-suitors] clause." (*Id.* at 5-6.) Second, by staying, rather than dismissing, Babick's Limitation Petition, the court protected his "right to seek limitation of liability under the [Limitation of Liability] Act." (*Id.* at 6.) In the latter regard, Judge Kiel relied on the Supreme Court's decision in *Lewis.* There, the Court held that the district court "properly exercised its discretion in dissolving the injunction that prevented [the] petitioner from pursuing his claims in state court" because it found "that [the] respondent's rights to seek limitation of limitability would be adequately protected." 531 U.S. at 451-52. For that conclusion, *Lewis* gave three reasons: First, the petitioner in that case stipulated that the claims did

not exceed the value of the limitation fund. *Id.* Second, the petitioner waived any defense of res judicata regarding the limitation of liability. *Id.* at 451. Third, the District Court had stayed the respondent's limitation action pending the outcome of the state court proceedings. *Id.*

Drawing on *Lewis*, Judge Kiel declined to go so far as to dismiss the Limitation Petition; dismissal, he wrote, "would be premature, as the parties have not identified, in briefing or otherwise, any stipulation like those between the parties in *Lewis*." (R&R at 6-7.) Therefore, Judge Kiel recommended a stay, rather than a dismissal, of the Limitation Action, to protect Babick's rights.[4] (*Id.* at 8 ("Absent stipulation designed to protect Babick's right to seek limitation of liability, at this stage, a stay in lieu of dismissal preserves Babick's entitlement to protection under the Limitation Act.").)

Before this Court, Babick objects to the application of the single-claimant exception because, he submits, this is not a genuine single-claimant case. (Obj. at 8.) First, the Complaint expressly names fictious and unknown individuals and entities as defendants. (*Id.* at 10.) Babick submits that the Report and Recommendation "unfairly discounts" the relevance of those fictitious parties "at a stage where the Limitation Action is in its infancy." (*Id.*) Indeed, there has been little progress in the Personal Injury Action, and the Limitation Action has not progressed beyond Babick's filing of the complaint. (Much of the delay, of course, has resulted from Babick's own procedural maneuvering regarding the forum.) Further, Ionfrida expressly implicated the potential conduct of those

---

[4] In finding that the single-claimant exception applies, Judge Kiel noted that Babick did not address the exception in opposition to Ionfrida's remand motion and did not dispute its applicability to his action. (R&R at 8.) Babick submits that this "criticism is unwarranted" because Ionfrida's motion to remand did not mention the single-claimant exception and because Ionfrida never moved for a stay of the Limitation Petition based on that exception. (Obj. at 9 n.4.) Further, briefing on the remand motion was submitted before Babick had filed the Limitation Petition. (*Id.*) I note, however, that Babick is the party who sought this federal forum and had the burden to justify removal, and who also filed a second action designed to circumvent a motion to remand.

7

fictious individual(s) by suggesting in the Complaint that such individual(s) may have played a role in engaging the anchor windlass and chain. (*Id.*) Indeed, the Complaint asserts that Babick was negligent in failing to safely operate *and/or having another passenger operate the anchor without proper instruction.* (Compl. ¶5.) Therefore, Babick submits that this matter "presents the patent possibility of cross-claims and third-party claims for indemnity and/or contribution" by such additional defendants against Babick and the limitation fund. (Obj. at 10.)

In *Gorman*, the United States Court of Appeals for the Third Circuit adopted the Second Circuit's view that "[a]s long as there is a potential set of circumstances in which a shipowner could be held liable in excess of the limitation fund, the reasonable prospect of claims for indemnification [or contribution] should constitute a multiple claimant situation necessitating a concursus."[5] 2 F.3d at 527 (alterations in original) (citing *In re Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 757 (2d Cir. 1988)). Here, Babick submits, if plaintiff names other individuals and those individuals have the potential to seek indemnity or contribution from him, then a multi-claimant situation exists, and the single-claimant exception does not apply.

Judge Kiel's approach makes eminent practical sense. In this Court's experience, it is quite common for fictitious parties to be named in complaints, never to be heard from again. It seems anomalous that the naming, or not, of "John Does 1–10" would determine federal-court jurisdiction. And so far, at least, this has been a one-claimant case. Nevertheless, Babick identifies at least some potential for an additional claimant, based on the allegations of the personal injury complaint. I am therefore constrained by the case law to agree with Babick here.

---

[5] A concursus is a proceeding in which the district court, sitting in admiralty without a jury, adjudicates the limitation action. In other words, the court decides whether there was negligence and, if so, whether the negligence occurred without the privity and knowledge of the vessel owner. *Gorman*, 2 F.3d at 524.

The Third Circuit foresaw such a situation in *Gorman*:

> A multiple claimant situation could arise, for example, if the plaintiffs seek to enforce a state court judgment against the shipowner up to the value of the limitation fund and then seek to recover the remaining amount of the judgment against the shipowner's co-defendants. If the defendants do not sign protective stipulations with the admiralty court, they would not be foreclosed from recovering against the shipowner for contribution, even though his or her liability (assuming a finding of no privity or knowledge) has already been exhausted. It is precisely this kind of competition for the limitation fund that the Act was designed to avoid.

*Id.*

Here, Ionfrida's complaint identifies one such possibility: *i.e.,* that a fellow shipboard guest was operating the anchor windlass. There is a possibility that Ionfrida could, as in the *Gorman* example, seek to satisfy any judgment deficiency from the assets of that guest; at least she has not stipulated away her right to do so like the claimant in *Gorman. See* 2 F.3d at 527-28. And if she were to do so, indemnification or contribution against Babick could come into play, despite the exhaustion of the limitation amount. That possibility is frankly contingent, even theoretical. Unless that possibility is foreclosed, however, I believe that the letter and spirit of *Gorman* require me to find the single-claimant exception inapplicable.

Because I find the single-claimant exception inapplicable, and because it is not argued that the other exception (where the value of the vessel exceeds that of all claims) applies, I conclude that this Court retains exclusive jurisdiction over the limitation proceedings. I do not forecast the result of Babick's Limitation Petition,[6] but it should be adjudicated before Ionfrida's

---

[6] I emphasize that it is the protection of Babick's rights under the Limitation of Liability Act, not the plaintiff's theory of the case, that I am considering here. As plaintiff sees it, Babick is liable, whether directly for negligent operation of the vessel or its windlass, or indirectly for entrusting operation of the anchor windlass to an inexperienced person. So viewed, the injury allegedly did not take place "without the owner's privity or knowledge," an issue that will have to be decided in connection with limitation of liability under the Act. *See also* n.7, *infra.*

9

Personal Injury Action is allowed to proceed. Therefore, I must decline to adopt the Report and Recommendation.

### d. Timeliness of the Report and Recommendation

Relatedly, Babick submits that a remand would not adequately protect his rights under the Limitation of Liability Act, because his rights are not protected by stipulations like those in *Lewis*. In other words, Babick submits that remand in this instance would be premature without such guarantees in place. I agree.

Even assuming a single-claimant case, I would conclude the lack of stipulations prevents remand of this matter to state court. *See Lewis,* 531 U.S. at 441-42. First, the parties have not stipulated that the value of Ionfrida's personal injury claim does not exceed the value of Babick's vessel. Moreover, Ionfrida has not waived assertion of res judicata, and she has not stipulated that Babick can re-litigate the issue of limited liability in federal court following a prior state court judgment.[7] Without such stipulations, Babick's rights under the Limitation Act are not adequately protected.

*Gorman* is illustrative on this point as well:

> The second exception occurs when a single claimant brings an action against the shipowner seeking damages in excess of the value of the vessel. In such a case, the district court must lift the stay provided that the claimant stipulates that the admiralty court

---

[7] *Gorman* explained the potential danger if a plaintiff obtains a state court judgment without having entered into the aforementioned stipulations:

> [T[he potential overlap between the factual questions raised in the limitation proceeding (whether the maritime mishap occurred "without the privity or knowledge" of the shipowner), and those to be litigated in the state tort action (whether the shipowner acted unreasonably) requires that a claimant seeking to vacate the stay concede both the district court's exclusive jurisdiction to decide all limitation issues and expressly agree to waive any "claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court." It is clear that the relevant waiver discussed is that of issue preclusion, notwithstanding the reference in the cases to "res judicata."

2 F.3d at 528–29 (internal citations omitted)

has exclusive jurisdiction to determine all issues concerning the owner's limitation of liability under the Act. Specifically, the claimant must waive any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court, and concede the shipowner's right to litigate all issues relating to limitation in the federal limitation proceeding. *The necessity of these two stipulations has been accepted by federal courts for over half a century and is now beyond dispute.*

2 F.3d at 524-25 (emphasis added) (internal citations omitted); *see also Complaint of Consolidation,* 123 F.3d at 132 ("In this case, because the second exception applied, the district court was obliged to dissolve the stay against other proceedings if Newman stipulated to the district court's exclusive jurisdiction to determine all issues relating to limitation of liability. These stipulations must waive any claim of res judicata based on the state court judgment and concede the shipowner's right to litigate all limitation issues in federal court.") (internal citations omitted).

In light of that precedent, I find in the alternative that remand of this matter, even if theoretically appropriate, would be premature. In order to allow the state court action to proceed, Babick must be assured that his Limitation Petition would not be hampered by a later res judicata or claim preclusion defense.[8]

### III. Conclusion

For the reasons set forth above, I will grant Babick's Objection (DE 9). Ionfrida's motion to remand shall be stayed pending adjudication of Babick's Limitation Petition (Civ. No. 21-1934-KM-ESK).

---

[8] Babick also submits that because he, as the owner of a private vessel, is accused of direct negligence – as opposed to the owner of a commercial vessel who was not on board when the injury occurred – this Court must exercise exclusive jurisdiction over the limitation action. (Obj. at 12-17.) Babick relies on *Petition of Red Star Barge Line, Inc.*, where the Secord Circuit explained that a state court has no jurisdiction to decide issues relevant to the question of the vessel owner's privity or knowledge. (*Id.* at 14 (citing *Petition of Red Star Barge Line, Inc.*, 160 F.2d 436 (2d Cir. 1947).) Because I conclude that Babick's Limitation Petition should proceed in advance or even in lieu of Ionfrida's Personal Injury Action, I decline to address this point.

11

An appropriate order follows.

Dated: May 28, 2021

/s/ Kevin McNulty
_____
**Kevin McNulty**
**United States District Judge**